*GLD-268                                              August 25, 2011
                                                      August 18, 2011

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **11-2640**

UNITED STATES OF AMERICA

VS.

WILLIE ANDREW HAMPTON, Appellant

(W.D. Pa. Crim. No. 2-06-cr-00352-001)
Criminal Treated as Civil

Present:     AMBRO, CHAGARES and COWEN, Circuit Judges

   ***Submitted is Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1)**

   in the above-captioned case.

                                       Respectfully,
                                       Clerk

MMW/DLG/smw
_____ORDER_____

   The foregoing request for a certificate of appealability is denied. We agree with the District Court that Hampton's three prior state drug offenses were "serious drug offenses," and therefore were appropriately used to enhance his sentence under the Armed Career Criminal Act (ACCA). See 18 U.S.C. § 924(e)(2)(A)(ii). Hampton conflates the maximum time he was to serve in those state convictions—five years of incarceration—with the maximum statutory penalty he faced for possession with intent to distribute heroin, which was fifteen. See 35 Pa. Cons. Stat § 780-113(f)(1) (1988); see also 35 Pa. Cons. Stat. §§ 780-102(b), 104(a)(ii)(10) (1988) (establishing heroin as a Schedule I narcotic substance). The ACCA defines a serious drug offense as, *inter alia*, one "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). "[I]t is irrelevant under ACCA whether [Hampton] actually received an extended sentence on his [earlier] conviction[s]; what matters is the sentence that the state statute made possible." United States v. Henton, 374 F.3d 467, 470 (7th Cir. 2004) (per curiam). As he cannot demonstrate prejudice flowing from counsel's alleged ineffectiveness, see Strickland v. Washington, 466 U.S. 668, 687

(1984), Hampton has failed to substantially show the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003).

By the Court,

/s/ Robert E. Cowen
Circuit Judge

Dated: October 12, 2011
Smw/cc:    Willie Andrew Hampton
           Rebecca R. Haywood, Esq.

**A True Copy**

*Marcia M. Waldron*

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.